STATE *v.* WILSON.

Upon an indictment for breaking and entering and stealing, the prisoner upon conviction may be sentenced under G. L., *c.* 279, for breaking and entering with intent to commit larceny.

INDICTMENT, for breaking and entering a store, and stealing therefrom one bank bill.   The respondent demurred, on the ground that no offence punishable under the General Laws was charged in the indictment, the punishment prescribed by statute (G. L., *c.* 279) being for breaking and entering with intent to commit larceny.

*Sulloway & Topliff,* for the defendant.

The indictment charges no crime or offence under the existing statute.   Chapter 279 of the General Laws is confined entirely to the intent.   The statute having made the intent the gist of the offence, the intent must be charged.

*Burns,* solicitor, for the state.

CLARK, J.   The indictment is sufficient.   An intent to commit larceny is included in the charge of stealing.   The charge of breaking and entering and stealing is equivalent to an averment of breaking and entering with intent to steal.   *Jones* v. *State,* 11 N. H. 269 ; *State* v. *Moore,* 12 N. H. 42 ; *State* v. *Ayer,* 23 N. H.

301; *Commonwealth* v. *Hope*, 22 Pick. 1; Wharton Cr. Law 1613;
2 Bishop Cr. Law 115.

*Demurrer overruled.*

BINGHAM, J., did not sit: the others concurred.